UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NVER ENTERPRISES, INC. d/b/a WESTERN MOTOR COACH, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>NEWMAR CORPORATION, a foreign corporation,<br><br>Defendant. | Case No. C08-5577 FDB<br><br>ORDER GRANTING DEFENDANT NEWMAR'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on cross-motions for summary judgment. The Court, having reviewed the respective motions, responses thereto and replies, is fully informed and finds Defendant Newmar Corporation is entitled to summary judgment of dismissal of Plaintiff's claims in their entirety.

**Introduction and Background**

This action involves the collection of Washington's business and occupation tax (B&O tax). Plaintiff Nver Enterprises, Inc., d/b/a Western Motor Coach, alleges that Defendant Newmar Corporation improperly passed on its B&O tax obligations to Western Motor Coach. Plaintiff seeks

ORDER - 1

monetary damages, Consumer Protection Act damages, and declaratory judgment declaring Newmar's actions to be unlawful.

The pertinent facts to the cross-motions are undisputed. Western Motor Coach is in the business of retail selling of recreational vehicles (RVs) and Newmar Corporation is a manufacturer of RVs. During the period from 2001 to 2007, Western Motor Coach and Newmar entered into a series of contractual agreements whereby Newmar agreed to supply Western Motor Coach with RVs and various RV parts and accessories, which Western Motor Coach then offered for sale to public consumers.

The parties' Dealership Sales and Services Agreements remained essentially unchanged during the course of their business relationship. Paragraph 14 provides that the "Dealer will be responsible for the collection and payment of all state and local taxes, ..." Paragraph 18 provides that the terms of payment for Newmar products by the dealer shall be in accordance with the Newmar dealer policy and procedure manual, which sets forth the dealer's obligation for full payment for the unit invoice.

In calculating the wholesale invoice price for each unit, Newmar included the applicable excise tax as a line item to account for Washington's B&O tax that Newmar incurred in its sale to Western Motor Coach.

Western Motor Coach paid Newmar's invoices without apparent objection until 2008. In May 2008, Newmar responded to a request from Western Motor Coach for a written explanation regarding the charges for Washington's excise tax (B&O tax). The response stated that the Washington excise tax is added to every Washington dealer's invoice and the amount collected is remitted monthly to the State of Washington on excise tax return.

Western Motor Coach then commenced this action asserting that the "pass through" of the B&O tax was in violation of Washington law. Both parties have moved for summary judgment.

ORDER - 2

**Summary Judgment Standards**

A party is entitled to summary judgment if that party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis of its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Where the moving party has met its initial burden with a properly supported motion, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 248. The non-moving party may do this by use of affidavits, depositions, answers to interrogatories, and admissions. Id. Only disputes over facts that might affect the outcome of the suit under the governing law are "material" and will properly preclude entry of summary judgment. Anderson, 477 U.S. at 248.

At the summary judgment stage, the judge's function is not to weigh the evidence or determine the truth of the matter, but to determine whether there is a genuine issue for trial. However, if the evidence is merely colorable or is not significantly probative, summary judgment may be granted. Anderson, 477 U.S. at 249-50.

**RCW 82.04.500 and Washington's B&O Tax**

Washington's business and occupation (B&O) tax is a gross receipts tax imposed on the privilege of doing business in the state and applies to most business activities, including both

ORDER - 3

wholesale and retail sales. RCW 82.04.220. The legal incidence of the B&O tax is on the business:

> It is not the intention of this chapter that the taxes herein levied upon persons engaging in business be construed as taxes upon the purchasers or customers, but that such taxes be levied upon, and collectible from, the person engaging in the business activities herein designated and that such taxes shall constitute a part of the operating overhead of such persons.

RCW 82.04.500.

Plaintiff relies on the decision in Nelson v. Appleway Chevrolet, 160 Wn2d 173, 157 P.3d 847 (2007) to support its argument that it is unlawful for Newmar to pass through the B&O tax. In Appleway, the plaintiffs purchased a used car from a Spokane dealership. Once the parties agreed on the purchase price, the dealer prepared a sales agreement that included, in addition to the negotiated sales price, a charge labeled 'B&O Tax Overhead'. Id., at 181. The court held that the B&O tax could be passed on to the consumers in the form of a line item charge, but only if disclosed and negotiated as an element of the final price. "[I]t is lawful for Appleway to disclose a B&O charge to Nelson during the course of negotiating a purchase price or later identify any claimed element of overhead. However, Appleway may not add a B&O charge as one of several fees and taxes after Appleway and Nelson negotiated and agreed upon a final purchase price." Id. at 181. As a result, the Appleway plaintiff was held entitled to a refund of the amount charged for the B&O tax under an unjust enrichment theory. Id. at 187-88.

Subsequent to the Appleway decision, the court in Johnson v. Camp Auto., Inc., 148 Wn.App. 181, 199 P.3d 491 (2009) held that a business may include a B&O tax or surcharge as a line item in the price if the surcharge was revealed during negotiations. In Johnson, as in Appleway, the plaintiffs purchased a vehicle from a dealership. During the course of negotiations, the salesperson used a document, which listed an amount of B&O tax as part of the final price. Id. at 183. The plaintiffs initialed the document indicating that the price, including the B&O tax, had been negotiated, paid for and took possession of their new truck, and subsequently sued the

ORDER - 4

dealership, alleging violation of RCW 82.04.500. The court found the case before it distinguishable from Appleway because the dealership had disclosed the B&O surcharge during negotiations. Id. at 185. The B&O surcharge was included within the final price and the dealership in Johnson was held not to have violated RCW 82.04.500.

The Ninth Circuit has interpreted RCW 82.04.500 in the same fashion. Rather than prohibiting a pass through of the B&O tax, the statute "simply structures the contract's negotiation and disclosure, mandating that businesses quote all prices inclusive of Washington's B&O Tax. Under RCW 82.04.500, businesses are allowed to itemize the B&O Tax and pass the B&O Tax to the consumer, so long as the tax is disclosed to the consumer during the course of negotiating a purchase price." Peck v. Cingular Wireless, LLC 535 F.3d 1053, 1057-58 (9th Cir. 2008).

This case is factually more analogous to Johnson than to Appleway. During the period from 2001 to 2007, Western Motor Coach and Newmar entered into a series of contractual agreements whereby Newmar agreed to supply Western Motor Coach with RVs and various RV parts and accessories, which Western Motor Coach then offered for sale to public consumers. The contracts provided that Western Motor Coach would be responsible for the collection and payment of all state and local taxes. The negotiated purchase price required payment of the wholesale invoice price for each unit, which included the applicable excise tax (B&O tax) as a line item on the invoice. Thus, as in Johnson, the negotiated price included applicable Washington taxes that were reflected in the wholesale purchase price of the unit invoices. Western Motor Coach was put on notice that the Washington B&O tax would be included in the wholesale price as a part of the commercial dealings between the parties.

ORDER - 5

The Court therefore grants summary judgment in favor of Newmar Corporation.[1]

**Conclusion**

For the above stated reasons, Newmar Corporation did not violate Washington law in passing through the B&O tax to Western Motor Coach.

ACCORDINGLY;

IT IS ORDERED:

Plaintiff's Motion for Summary Judgment [Dkt. # 9] is **DENIED**.

Defendant Newmar's Motion for Summary Judgment [Dkt. # 12] is **GRANTED**.

Plaintiff's Complaint is **DISMISSED**, with prejudice.

DATED this 16th day of November, 2009.

_____
FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

---

[1] Although not necessary to the determination of this action, it appears that RCW 82.04.500 may be inapplicable to a commercial transaction between a wholesaler and retailer of goods. The terms "purchaser or customer" as set forth in the statute may be confined to retail consumers. See RCW 82.04.190. See also Peck v. Cingular Wireless, LLC 535 F.3d 1053, 1057-58 (9th Cir. 2008) (RCW 82.04.500 acts as a consumer protection statute, regulating the method of disclosure, rather than the reasonableness or propriety of the underlying rate).

ORDER - 6